UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| J & J Sports Productions, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Paula Ochoa, individually and d/b/a Taqueria's Paula a/k/a Carniceria y Taqueria Paula's, <br><br> Defendants. | Case No. 4:17-cv-00245-DCN <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Plaintiff J & J Sports Productions, Inc.'s Motion for Default Judgment against Defendants Paula Ochoa, individually, and d/b/a Taqueria's Paula a/k/a Carniceria y Taqueria Paula's. Dkt. 8. Plaintiff brought this action against Defendants for the unlawful exhibition of the *Miguel Cotto v. Sergio Martinez, WBC Middleweight Championship Fight Program* (the Program) at the establishment doing business as Taqueria's Paula a/k/a Carniceria y Taqueria Paula's, on Saturday, June 7, 2014. Complaint ¶ 7. For the reasons set forth below, Plaintiff's motion for default judgment is **GRANTED**.

## BACKGROUND

Plaintiff is a distributor of sports and entertainment programming, and pursuant to contract, was granted the exclusive rights to broadcast the Program nationwide. Complaint ¶ 11. Plaintiff entered into agreements with sub-licensees to broadcast the Program for a fee. Complaint ¶ 13. Defendants did not obtain such a license and were not authorized to

broadcast the Program. Nevertheless, an investigator observed, and later documented in a sworn affidavit, the unlawful exhibition of the Program at Taqueria's Paula a/k/a Carniceria y Taqueria Paula's, on Saturday, June 7, 2014, in Idaho Falls, Idaho. The investigator documented one television broadcasting the Program and approximately 40 patrons present and watching. Defendant charged a $5.00 fee for entry.

Plaintiff's Complaint was filed on June 5, 2017. Dkt. 1. Plaintiff served Defendants on June 17, 2017. Dkt. 4. No answer was ever filed. Plaintiff moved for entry of default by the Clerk on July 14, 2017, and the Clerk filed the Entry of Default on August 24, 2017. Dkt. 7. Nothing in the record indicates that Defendants have made any appearance in this action. Plaintiff seeks default judgment against Defendants, statutory damages of $60,000 under 47 U.S.C. § 605, and attorney fees to be determined at a later date.

## DISCUSSION

I. Default Judgment

Once default has been entered by the clerk, it is within the district court's discretion to grant default judgment against that party. Fed. R. Civ. P. 55(b)(2); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). When considering a motion for default judgment, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Televideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917 (9th Cir. 1987) (citations omitted); *see also* Fed. R. Civ. P. 8(b)(6) ("an allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

The Court may consider the factors articulated in *Eitel v. McCool* when determining whether to grant default judgment:

> "(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy . . . favoring decisions on the merits." 782 F.2d at 1471–72.

The majority of the *Eitel* factors support a default judgment in this case. Regarding factor (1) prejudice to the plaintiff—if the Court wholly denied the motion, J & J would be left without a remedy given defendants' failure to appear and defend themselves. Factors (2) and (3), regarding the sufficiency and merits of plaintiff's claims, also favor a default judgment and are discussed in the next section. Regarding factor (4) the sum of money at stake in this action—while substantial, it is not outside the range of damages typically requested in this type of case, as will also be discussed herein. As for factors (5) and (6), by virtue of Defendants' failure to appear, there is no evidence that there are disputed material facts or that Defendants' default was due to excusable neglect. The seventh factor—the policy favoring decisions on the merits—weighs against default judgment; however, as Defendants have failed to appear in this case, there is nothing the Court can do and such should not be held against Plaintiffs. On balance, the *Eitel* factors support Plaintiff's motion for default, therefore default judgment will be granted.

II. Damages

Next, the Court addresses damages. Although Plaintiff's Complaint originally requested relief under two statutory sections, 47 U.S.C. § 605(a) and 47 U.S.C. § 553(a),

damages cannot be recovered under both. *See J & J Sports Prods., Inc. v. Frei*, No. 4:12-CV-0127-BLW, 2013 WL 3190685, at *2 (D. Idaho June 21, 2013). Accordingly, Plaintiff has asked for damages only under 47 U.S.C. § 605. The Court agrees that this statute should be used instead of 47 U.S.C. § 553. *See generally id.* (discussing various approaches to which statute should be used and determining that § 605 is appropriate).

    A. Damages under <u>47 U.S.C. § 605</u>

A party aggrieved under § 605 may, at its discretion, recover either actual or statutory damages. 47 U.S.C. § 605(e)(3)(C). In this case, Plaintiff has requested statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II). Under this subsection, the amount of statutory damages to which a plaintiff is entitled for each violation of § 605(a) shall be not less than $1,000 nor more than $10,000. *Id.* Next, Plaintiff requests enhanced damages pursuant to § 605(e)(3)(C)(ii). Section § 605(e)(3)(C)(ii) permits the Court, in its discretion, to award up to $100,000 in additional damages where "the violation was committed willfully and for the purposes of direct or indirect commercial advantage or private financial gain . . . ." Here, Plaintiff seeks $10,000 in statutory damages and $50,000 in enhanced damages. Plaintiff also asks for reasonable attorney fees, but will submit documentation for such at a later date.

The Ninth Circuit has not laid out a definitive test for calculating 47 U.S.C. § 605 damages and "courts in this circuit have granted widely varying awards ranging from near the minimum statutory award of $1,000 to near the maximum of $110,000, depending on such factors as the capacity of the establishment, the number of patrons in attendance, and whether a cover charge was required for entrance." *J & J Sports Prods., Inc. v. Marcaida,*

No. 10-5125 SC, 2011 WL 2149923, at *3 (N.D. Cal. May 31, 2011). Absent a stringent test, the Court will use the factors that other courts, including the District of Idaho, have used.

In *J & J Sports Productions, Inc. v. Rafael*, 2011 WL 445803 (E.D. Cal. Feb. 8, 2011), the defendants displayed the Program on one television to between 17 and 19 people and imposed a $5.00 cover charge. *Id.* Weighing these factors, the district court awarded $10,000 in statutory damages and $36,000 in enhanced statutory damages. *Id.* at *2.

In *J & J Sports Productions Inc. v. Olivares,* 2011 WL 587466 (E.D. Cal. Feb 9, 2011), the defendants displayed the Program on three televisions to over 60 people, but there was no indication of a cover charge. *Id.* In that case, the Court awarded $10,000 in statutory damages and $50,000 in enhanced statutory damages. *Id.* at *3.

In *J & J Sports Productions Inc. v. McCausland,* 2012 WL 113786 (S.D. Ind. Jan. 13, 2012), the defendants displayed the Program on one television to between 10-17 people without a cover charge. *Id.* Upon review, the Court awarded $10,000 in statutory damages and $30,000 in enhanced statutory damages. *Id.* at *3-4.

In this case, Defendants displayed the Program on one television and there were approximately 40 patrons present. Additionally, Defendants required a $5 cover charge.

The various factors and resulting awards are illustrated as follows:

|  | Televisions | Patrons | Cover Charge | Damages |
| --- | --- | --- | --- | --- |
| *Rafael* | 1 | 17-19 | $5 | $10,000; $36,000 |
| *Olivares* | 3 | 60 | $0 | $10,000; $50,000 |

| | | | | |
|---|---|---|---|---|
| *McCausland* | 1 | 10-17 | $0 | $10,000; $30,000 |
| *Ochoa* | 1 | 40 | $5 | — |

While the program at issue was only shown on one television (similar to *Rafael* and *McCausland*), twice as many patrons viewed the Program as in those cases. This viewership would indicate that an award greater than what was awarded there is appropriate. Additionally, there was a cover charge in *Rafael* which would also lean towards a higher award in this case.

In *Olivares*, although the audience was larger and the program was shown on more televisions, there was no cover charge at issue. An award similar to the award in *Olivares* would be appropriate when compared to the other cases. The Court finds that the requested amount of $50,000 is appropriate and strikes a fair balance between the relevant factors.

### B. Costs and Attorney Fees

Section 605(e)(3)(B)(iii) provides that the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." Pursuant to District of Idaho Local Civil Rule 54.2(b), Plaintiff will have 14 days from the entry of judgment to submit a motion for costs and attorney fees.

## CONCLUSION

The statutory amount of $10,000 requested under 47 U.S.C. § 605(e)(3)(C)(i)(II) is appropriate under the circumstances and in line with what other courts have ordered. The complaint alleges that defendants violated § 605 willfully and for purposes of direct or indirect commercial advantage or private financial gain. The Court accepts the truth of

these factual allegations and awards enhanced damages accordingly. Weighing all relevant factors the Court awards $50,000 in enhanced statutory damages under 47 U.S.C. § 605(e)(3)(C)(ii).

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for Default Judgment (Dkt. 8) is **GRANTED.** The Court will enter judgment (on the claims) in the amount of $60,000.

2. Other fees and costs may be added to the judgment once proper documentation is received. Plaintiff has 14 days to submit a motion for costs and attorney fees.

3. A separate judgment will be entered once the Court receives an accounting of all costs and attorney fees.

DATED: September 15, 2017

_____
Honorable David C. Nye
United States District Court